NO. 07-12-00116-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 2, 2012

FILIBERTO CHRISTOPHER VALLEJO, III, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-10E-055; HONORABLE ROLAND D. SAUL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On December 16, 2010, appellant, Filiberto Christopher Vallejo, III, was convicted of aggravated sexual assault, and sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of twenty years. On March 23, 2012, appellant filed his notice of appeal with the trial court. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). Therefore, appellant's notice of appeal

was due on January 18, 2011.[1]  Because appellant's notice of appeal was filed 430 days after it was due, this Court is without jurisdiction over this appeal.  See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523.

By letter dated March 29, 2012, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke this Court's jurisdiction, and directed him to file a response with the Court, by April 27, explaining how this Court has jurisdiction over the appeal.  In response, appellant filed a "Motion for Extension of Time to File Direct Appeal," which evinces that appellant's response intends to challenge the merits of his conviction rather than address this Court's jurisdiction over this appeal.

As such, the Court denies appellant's motion for extension of time, and dismisses the purported appeal for want of jurisdiction.[2]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Thirty days from the date upon which sentence was imposed in open court would be January 15.  However, January 15, 2011, was a Saturday.  Thus, the deadline for filing appellant's notice of appeal would be extended to Monday, January 17, 2011.  See TEX. R. APP. P. 4.1(a).  However, as January 17, 2011 was a legal holiday, appellant's notice of appeal was due to be filed on January 18, 2011.  See id.

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007).